# DECEMBER, 1909.

---

## I. STONE v. THE STATE.

### No. 228.     Decided December 1, 1909.

**1.—Aggravated Assault—Charge of Court—Intent to Injure.**

Where, upon trial for aggravated assault, the evidence showed that the defendant harshly handled the party injured, who was a girl of tender age, and the court submitted the usual charge applicable to this character of case, and that any unlawful violence with intent to injure was an assault and battery, there was no reversible error in failing to submit a special charge that such intent must have existed at the time the violence was used, and such error, if any, was harmless.

**2.—Same—Special Charge—Practice on Appeal.**

Where, upon appeal from a conviction of aggravated assault, the record disclosed that no special charges were asked, covering the matters of which complaint was made, there was no error.

**3.—Same—Adult Male.**

Where, upon trial for aggravated assault, the evidence showed the defendant to be a man who had lived in that particular vicinity for 25 years, the same was sufficient to show that he was an adult male.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

Vol. LVII. Crim.—21.

*O. T. Plummer,* for appellant.—On the question as to whether defendant was an adult male: Andrews v. State, 13 Texas Crim. App., 343; Hall v. State, 16 Texas Crim. App., 6; Robinson v. State, 25 Texas Crim. App., 111.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, committed upon a girl about 12 years of age, and his punishment assessed at a fine of $25.

Stone was the owner of a house in which were living the alleged assaulted party, Elsie Notts, and her mother. The brother of the assaulted party, Charley Notts, and his wife were also living in the house. The little girl testified that appellant came to the house and went into the front room in which her brother and his wife lived. He then stepped out on the gallery; from there he went to the door of the room in which the girl was standing. This door was partly opened. The witness here uses this language: "Defendant came to the door, took hold of me and pushed me to one side and set me down in a chair and then walked into the house. He seemed mad." This was denied by appellant testifying in his own behalf. He was, however, at the house. He stated that the parties were living in the house without his authority and it is shown they occupied the house without the authority of his agent. He also stated that he went to the county attorney and his assistant in regard to the matter, and asked their assistance in getting Mrs. Notts out of his house. Both of these officers testified that this was not true, and that his statement in this regard was false.

1. The court submitted the usual charge applicable to this character of case, and instructed the jury that any unlawful violence to the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. The following special charge was asked and refused: "Before you can find defendant guilty of an assault upon the person of Elsie Notts you must find from the evidence beyond a reasonable doubt that at the time he used or offered to use violence against her that it was the intention of defendant to injure her." We are of opinion that while there may have been error in refusing this charge, still in view of the charge given this issue was sufficiently submitted, and the error was not calculated to injure.

2. There are some exceptions to the charge, but there were no special charges asked covering the matters of which complaint is made, and under the rules in regard to misdemeanor cases there was no reversible error, even if it was error at all.

3. It is claimed that appellant was not shown to be an adult male. Appellant is shown to be a man who had lived in that partic-

ular vicinity for 25 years. We think there was evidence enough to show that he was at least over 21 years of age.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*